# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN THE MATTER OF:

RICHARD W. JANUSZKIEWICZ and
DEBORAH M. JANUSZKIEWICZ,

    Debtors.

Case No. 21-41252-tjt

Judge Thomas J. Tucker

_____

DEBORAH M. JANUSZKIEWICZ,

    Plaintiff,

v.

OMSG, P.C., d/b/a OAKLAND
MACOMB SURGICAL
GROUP,

    Defendant.

Adv. No. 21-04119-tjt

_____

## ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DISPOSING OF ALL COUNTS IN PLAINTIFF'S COMPLAINT AGAINST OMSG, P.C. d/b/a OAKLAND MACOMB SURGICAL GROUP

This adversary proceeding is before the Court on the motion for default judgment filed by the Plaintiff on July 6, 2021 (Docket # 5, the "Motion"). The Clerk having entered a default on June 22, 2021 (Docket # 4), due notice having been given, and the Court being otherwise fully advised in the premises;

IT IS ORDERED that:

1. The Motion is granted in part and denied in part, on the terms stated in this Order.

2. A default judgment is entered in favor of Plaintiff and against Defendant, on Counts I, II, and III of Plaintiff's Complaint (Docket # 1).

3. Plaintiff's request for a default judgment on Count IV of Plaintiff's Complaint is denied.

4. On Count I of Plaintiff's Complaint, the pre-petition transfers referred to in Count I of Plaintiff's Complaint, in the total amount of $1,737.82, are avoided, as preferential transfers, under 11 U.S.C. §§ 547(b) and 522(h).

5. On Count II of Plaintiff's Complaint, judgment is entered in favor of Plaintiff and against Defendant OMSG, P.C. d/b/a OAKLAND MACOMB SURGICAL GROUP ("Creditor") in the amount of $1,737.82, plus post-judgment interest thereon to the date of payment at the federal statutory rate under 28 U.S.C. section 1961, based on 11 U.S.C. §§ 550(a) and 522(i).

6. On Count III of Plaintiff's Complaint, any claim of the Defendant against the Plaintiff in the Plaintiff's bankruptcy case is disallowed under 11 U.S.C. § 502(d).

7. Under Fed. R. Bankr. P. 7054(b)(1), Plaintiff is awarded costs, other than attorney fees, against the Defendant.

8. Count IV of Plaintiff's Complaint is dismissed, with prejudice, because that Count fails to state a claim upon which relief can be granted. *See, e.g.*, *Reed v. University Neurosurgical Associates, P.C.* (*In re Reed*), 622 B.R. 285, 288-90 (Bankr. E.D. Mich. 2020).[1]

**Signed on July 6, 2021**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[1] In this regard, the Court notes that Count I of Plaintiff's Complaint alleges that all of the garnishment-related transfers that total $1,737.82 were made pre-petition, as they must have been in order to be avoidable as preferential transfers under 11 U.S.C. § 547(b), as alleged in Count I. And Count IV of the Complaint (at paragraph 38) incorporates all the previous paragraphs of the Complaint by reference.